IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM JAMES COFFMAN,

    Petitioner,                        No. CIV S-06-0454 GEB GGH P

    vs.

DAVID RUNNELS, Warden,

    Respondent.                      FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Butte County Superior Court conviction on two counts of robbery, one count of possession of a firearm by a felon, and one count of prowling for which he was sentenced, on July 8, 2003, to a term of 21 years and four months, petitioner also having been found to have served a prison term and to have had a "strike" conviction arising from a prior serious felony. Petition, p. 1; Motion to Dismiss (MTD), pp. 1-2; Exhibit A to MTD, state court appellate decision, p. 1.[1] Respondent has moved to dismiss the petition on the ground that petitioner has failed to exhaust state court remedies as to two of his

---

[1] Respondent asks that the court take judicial notice of copies of state court records appended as Exhibits A through C to the MTD, which request the court hereby grants. (Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981)).

1

four claims before this court.  Petitioner has moved for a stay of the petition.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  The United States Supreme Court has long held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982).   If exhaustion is to be waived, it must be waived explicitly by respondents' counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Petitioner raises four claims in his petition: 1) ineffective assistance of counsel (IAC) on appeal in violation of petitioner's constitutional rights; 2) petitioner denied his right to a fair trial on the merits due to IAC; 3) trial court failed to give a limiting instruction; 4) prosecutorial misconduct and/or jurisdictional error.  Petition, pp. 4-5.

Respondent does not contend that claims two and three are unexhausted and no exhaustion issue is raised as to them.  MTD, pp. 3-4.  As to claims one and four, however, petitioner affirms that these claims are unexhausted in his motion for a stay filed in response to respondent's motion.  A review of the record before this court confirms that only claims two and three have been exhausted before the state's highest court.  See MTD, Exh. B, petitioner's petition for review, filed on June 1, 2005, and Exh. C, the state supreme court's July 13, 2005, postcard denial of the petition for review.  Petitioner makes no claim that he has filed any petition for writ of habeas corpus in the state courts as to claims one and four.  Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims.

---

[2] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

2

As noted, petitioner seeks a stay and abeyance while he exhausts claims two and four in the California Supreme Court. District courts have the authority to stay a federal habeas petition. Rhines v. Webber, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005). A stay is appropriate where the district court determines good cause existed for the petitioner's failure to exhaust his claims in state court, and that such claims are potentially meritorious. Id.

Respondent does not argue that the two unexhausted claims are without merit. This court will recommend that the petition be stayed, but petitioner should be required to file his petition in state court setting forth claims one and four herein within thirty days of the order imposing a stay in this court, if a stay is imposed. Rhines, supra, at 277, 125 S. Ct. at 1535 ("[a] mixed petition should not be stayed indefinitely.").[3] Moreover, petitioner should inform this court within thirty days of a decision by the state court with regard to the two claims at issue. Failure to do so, as respondent argues, should result in any stay being lifted, the unexhausted claims being stricken, and this matter proceeding only as to claims two and three.

Accordingly, IT IS RECOMMENDED that:

1. Respondent's April 20, 2006, motion to dismiss be denied;

2. Petitioner's May 11, 2006, motion for a stay and abeyance be granted and the petition for a writ of habeas corpus be stayed pending exhaustion of claims one and four in state court;

3. Petitioner be required to file a state court petition setting forth claims one and four within thirty days of imposition of a stay, should that occur;

4. Petitioner be required to inform this court within thirty days of a state court

---

[3] The U.S. Supreme Court in Rhines, at 278, 125 S. Ct. at 1535, stated further: "district courts should place reasonable time limits on a petitioner's trip to state court and back," quoting, as an example, the admonition in Zarvela v. Artuz, 254 F.3d 374, 381 (2nd Cir. 2001)(when a district court elects to stay a mixed petition, "it 'should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.'" ).

decision with regard to claims one and four;

     5. Failure to follow the timelines set forth in any order granting a stay be grounds for lifting of the stay, striking the unexhausted claims, and this matter proceeding only as to the previously exhausted claims, claims two and three.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/26/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
coff0454.mtd

4